UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Umer Masood,

           Petitioner,

vs.                             REPORT AND RECOMMENDATION

State of Minnesota,

           Respondent.         Civ. No. 07-4406 (PJS/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Petition of Umer Masood for a Writ of Habeas Corpus under Title 28 U.S.C. §2254.

For reasons which follow, we recommend that the Petition for Writ of Habeas Corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must

(continued...)

II.  Factual and Procedural Background

The Petitioner is a State prisoner who is currently incarcerated at the Prairie Correctional Facility, in Appleton, Minnesota.  However, he is **not** presently challenging the conviction and sentence for which he is in prison.  Instead, the Petitioner is challenging certain **pending** Minnesota State criminal charges against him for "terroristic threats and harrassment [sic]."  Petition, Docket No. 1, p. (2), §4.  According to the Petition, the Petitioner has "not yet [been] convicted," but rather, he is "just unlawfully charged and detained."  Id. at §1.  His Trial on the pending charges was scheduled to begin on November 13, 2007, in the State District Court for Winona County, Minnesota.  Id. at §6.[2]

The Petitioner's current Federal Habeas Corpus Petition challenges the pending State criminal charges against him on four grounds: 1) the Criminal Complaint is "fraudulent and false;" 2) there is "no evidence to support [the] criminal charges;" 3) "ineffective assistance of counsel by [the] court appointed public defender;" and 4)

---

[1](...continued)
dismiss the petition and direct the clerk to notify the petitioner."

[2]The Petitioner is not presently in custody as a pre-Trial detainee awaiting Trial in the case at issue here, but rather, his incarceration is as a State prison inmate who is serving a sentence for some other criminal conviction.

"obstruction of justice by Winona County Courts and Public Defender, Kurt Knuesel." Id. at pp. (5) - (6), §12.

Allegedly, the Petitioner has presented some of his claims to the Trial Court Judge in his pending State criminal case, by filing various Pretrial Motions. It is readily apparent, however, that the Petitioner has not sought any appellate review of his current claims, and he has not pursued any form of collateral relief in the State Courts.[3] Instead of exhausting all avenues of relief in the State Courts, the Petitioner has filed his current Habeas Corpus Petition, seeking relief in the first instance in Federal Court. Because the Petitioner has not exhausted his State Court remedies, his current Federal Habeas Corpus Petition must be summarily dismissed.

### III. Discussion

It is well-established that a Federal Court will not entertain a Petition for a Writ of Habeas Corpus on behalf of a State prisoner unless the prisoner has first exhausted all available State Court remedies. See, Title 28 U.S.C. §2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); Rose v. Lundy, 455 U.S. 509 (1982); see also,

---

[3] It appears that most, and possibly all, of the Petitioner's Pretrial Motions have been filed only during the past few weeks. See, Petition, Docket No. 1, at pp. (3) - (4), §11. Therefore, the Petitioner plainly has not completed a full round of State Court Appeals with regard to the issues raised in those Motions.

Armstrong v. State of Iowa, 418 F.3d 924, 925-26 (8th Cir. 2005), cert. denied, 546 U.S. 1179 (2006)("Federal habeas relief is available to a petitioner after he 'has exhausted the remedies available in the courts of the State.'"), quoting Title 18 U.S.C. §2254(b)(1)(A).

The exhaustion of State remedies requirement is based on principles of comity and federalism, as its purpose is to ensure that State Courts are given the first opportunity to correct alleged Federal constitutional errors raised by State prisoners. See, O'Sullivan v. Boerckel, supra at 844; Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Rose v. Lundy, supra at 518-19; Curtiss v. Mount Pleasant Correctional Facility, 338 F.3d 851, 55 (8th Cir. 2003), cert. denied, 540 U.S. 1060 (2003)("The exhaustion requirement serves AEDPA's goal of promoting 'comity, finality, and federalism,' by giving state courts 'the first opportunity to review [the] claim,' and to 'correct' any 'constitutional violation in the first instance.'"), quoting Carey v. Saffold, 536 U.S. 214, 220 (2002).

In order to exhaust his State Court remedies, a prisoner must fairly present his constitutional claims to the highest available State Court before seeking relief in Federal Court. See, O'Sullivan v. Boerckel, supra at 845; Duncan v. Henry, supra at 365-66; see also, Dixon v. Dormire, 263 F.3d 774, 777 (8th Cir. 2001); McCall v. Benson, 114

F.3d 754, 757 (8th Cir. 1997)("[B]efore we may reach the merits of a habeas petition, we must first determine whether the petitioner has fairly presented his federal constitutional claims to the state court."). The exhaustion of State remedies requires more than the fact that the Federal Habeas applicant has been through the State Courts. See, Picard v. Connor, 404 U.S. 270, 275 (1971).

To serve the purposes of the rule, the State Courts must have the first opportunity to hear the claim, which is sought to be vindicated in a Federal Habeas proceeding. Id. at 275-76. The State Court has an opportunity to hear a claim, when the claim has been fairly presented, by reference to a specific Federal constitutional right, a Federal case, or a State case, which raises a pertinent Federal constitutional issue. See, Cox v. Burger, 398 F.3d 1025, 1031 (8th Cir. 2005), cert. denied, 546 U.S. 844 (2005), quoting Barrett v. Acevedo, 169 F.3d 1155, 1161-62 (8th Cir. 1999), cert. denied, 528 U.S. 846 (1999); Abdullah v. Groose, 75 F.3d 408, 411 (8th Cir. 1996), cert. denied, 517 U.S. 1215 (1996). Claims are exhausted only when the same factual underpinnings, and legal theories, were first properly raised in the State Courts. Id. "Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement." Id.; see also, Abdullah v. Groose, supra at 412, citing Duncan v. Henry, supra at 366.

The present case is different from most Habeas Corpus proceedings initiated by individuals in State custody, because the Petitioner is not challenging a State criminal conviction or sentence, or any other State Court Judgment. That being the case, it is doubtful that the Petitioner is currently eligible for Habeas Corpus relief under Title 28 U.S.C. §2254, which is the traditional Federal post-conviction remedy for individuals who are being detained by State authorities. See, Dickerson v. State of Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)(detainee's "petition under 28 U.S.C. §2254 is improper because that section applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court'"), cert. denied, 484 U.S. 956 (1987); Hirsch v. Smitley, 66 F. Supp.2d 985, 986 (E.D.Wis. 1999)("Section 2254 applies only to collateral attacks on state court 'judgments' and therefore has no application in situations where the petitioner is awaiting trial on criminal charges").

However, some Federal Courts have concluded that a State detainee can sometimes seek Federal Habeas Corpus relief, before the entry of a final State Court Judgment, under Title 28 U.S.C. §2241.[4]  See, Dickerson v. State of Louisiana, supra

---

[4]Title 28 U.S.C. §2241(a) provides as follows:
(continued...)

at 224 ("Pre-trial petitions * * * are properly brought under 28 U.S.C. §2241, which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him"); Hirsch v. Smitley, supra at 986 ("Pre-judgment habeas relief is available * * * under 28 U.S.C. §2241"); Carden v. State of Montana, 626 F.2d 82, 83 (9th Cir. 1980)("[D]istrict court had jurisdiction, under 28 U.S.C. §2241, to issue [a] pretrial writ of habeas corpus."), cert. denied, 449 U.S. 1014 (1980); Woodard v. Plummer, 1998 WL 30092 at *1 (N.D.Cal., January 13, 1998)("A pretrial detainee not yet convicted pursuant to a state court judgment may seek a writ of habeas corpus under 28 U.S.C. §2241(c)(3)."). Since the Petitioner, here, is not presently challenging a final State Court Order or Judgment, his current Petition will be treated as having been brought under Section 2241(c)(3), rather than Section 2254.

---

[4](...continued)
> Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions * * *.

28 U.S.C. §2241(c)(3) further provides that:

> The writ of habeas corpus shall not extend to a prisoner unless * * * [h]e is in custody in violation of the Constitution or laws or treaties of the United States.

Although Section 2241 does not include a **statutory** exhaustion requirement comparable to that found in Section 2254(b), Federal Courts have consistently recognized that the principles of comity and federalism require State Pretrial detainees to present their constitutional claims in State Court before seeking Federal Habeas Corpus relief under Section 2241. See, <u>Dickerson v. State of Louisiana</u>, supra at 225 ("Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner."); <u>Moore v. DeYoung</u>, 515 F.2d 437, 442 (3rd Cir. 1975)("28 U.S.C. §2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion * * * [but] [i]n this area, an exhaustion requirement has developed through decisional law, applying principles of federalism."); <u>Neville v. Cavanagh</u>, 611 F.2d 673, 675 (7th Cir. 1979)("In the interests of comity between federal and state courts, the doctrine of exhaustion of state remedies has developed. It applies to pre-trial, as well as post-trial, habeas corpus petitions."), cert. denied, 446

U.S. 908 (1980); Hirsch v. Smitley, supra at 986 ("'[w]hile not explicitly required by § 2241(c)(3), the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to pretrial petitions'"), quoting Blanck v. Waukesha County, 48 F. Supp. 2d 859, 860 (E.D.Wis. 1999); see also, Davis v. Mueller, 643 F.2d 521, 525 (8th Cir. 1981)(noting that the availability of Federal Habeas relief while State Court proceedings are still pending is limited by the "'notion of comity'" and "the proper respect for state functions"), cert. denied, 454 U.S. 892 (1981).

Ordinarily, a State detainee must await the entry of a final State Court Judgment in order to satisfy the exhaustion of State remedies requirement and qualify for Federal Habeas Corpus review. In Younger v. Harris, 401 U.S. 37 (1971), "the Supreme Court advanced the position that federal courts should refrain from interfering with pending state judicial proceedings absent extraordinary circumstances." Harmon v. City of Kansas City, 197 F.3d 321, 325 (8th Cir. 1999), cert. denied, 529 U.S. 1038 (2000). "'Absent extraordinary circumstances, federal courts should not interfere with the states' pending judicial processes prior to trial and conviction, even though the prisoner claims he is being held in violation of the Constitution.'" Sacco v. Falke, 649 F.2d 634, 636 (8th Cir. 1981), quoting Wingo v. Ciccone, 507 F.2d 354, 357 (8th Cir. 1974); see also, Carden v. State of Montana, supra at 83-84 (Federal Courts will not

interfere in State criminal proceedings before they become final except in "unusual," "extraordinary," or "special" circumstances).

There are few reported cases in which Courts have actually found the type of "extraordinary circumstances" that allow for Federal interference with ongoing, non-final, State criminal proceedings. Most of the cases involve double jeopardy claims, or issues regarding Speedy Trial. See, e.g., Satter v. Leapley, 977 F.2d 1259, 1261 (8th Cir. 1992)("A claim that a state prosecution will violate the Double Jeopardy Clause presents an exception to the general rule of Younger v. Harris," and "[i]t is thus well established that federal district courts can entertain pretrial habeas petitions in which petitioner asserts an impending state trial violates the Double Jeopardy Clause"), citing Mannes v. Gillespie, 967 F.2d 1310, 1312 (9th Cir.1992), cert. denied, 506 U.S. 1048 (1993), and Palmer v. Clarke, 961 F.2d 771, 774 (8th Cir.1992); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 488-89 (1973)(allowing a Section 2241 action for a Speedy Trial claim despite not having yet been brought to Trial).

In Carden v. State of Montana, supra at 84, the Ninth Circuit Court of Appeals opined that "[o]nly in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown is federal injunctive

relief against pending state prosecutions appropriate." The Court's use of the word "proven" suggests that a claim of "harassment" or "bad faith" would not warrant pre-judgment Federal interference in a State criminal case, unless the claim were supported by a substantial and credible factual record. There would also have to be some specific and demonstrable "irreparable injury." We have not uncovered any reported case in which such a claim of "extraordinary circumstances" has actually been upheld.

Here, the Petitioner obviously believes that he is being wrongly prosecuted, that there is insufficient evidence to convict him on the charges that have been brought against him, and that the State Trial Court has not fully honored his rights as a criminal defendant. However, such beliefs are undoubtedly very common among State criminal defendants, and they cannot constitute the type of "extraordinary circumstances" that would allow a defendant to avoid the established procedures for resolving State criminal charges -- including Pretrial proceedings, a Jury Trial, and appeals -- in order to proceed directly into Federal Court. The Petitioner certainly has not "proven" that the pending State criminal charges against him were filed in bad faith, or are wholly lacking in factual support. Nor has he demonstrated any irreparable injury that will result from allowing his State criminal prosecution to unfold, through Trial and appeals, if necessary, as provided by Minnesota State law.

In sum, Petitioner has not shown the type of extraordinary circumstances that allow a Federal Court to intervene in an ongoing State criminal case. Furthermore, he has not exhausted every available State Court remedy for the claims that he is attempting to bring here. Therefore, we conclude that the Petitioner's present Habeas Corpus Petition must be summarily dismissed pursuant to Rule 4 of the Governing Rules. We recommend, however, that this case be dismissed without prejudice, so that the Petitioner will be eligible for Federal Habeas Corpus review, if necessary, after his State criminal case -- including every possible appeal -- is final.[5]

NOW, THEREFORE, It is --

RECOMMENDED:

1.   That the Petitioner's Petition for Habeas Corpus Relief under Title 28 U.S.C. §2254 [Docket No. 1] be summarily denied.

2.   That this action be dismissed without prejudice.

---

[5]The Court notes that the Petitioner did not pay the $5.00 filing fee for this action. Normally, that omission would have prompted the Court to hold the Petitioner's submissions in abeyance until he paid the proper filing fee, or applied for leave to proceed in forma pauperis. However, it is readily apparent that the Petitioner's current Habeas Corpus Petition cannot be entertained, for reasons we have detailed, and addressing the fee issue would only delay the inevitable dismissal of this action.

Dated:  November 20, 2007	        s/Raymond L. Erickson
	Raymond L. Erickson
	CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties by no later than **December 7, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 7, 2007**, unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.